```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

ALBERT ROBINSON,

    Plaintiff,

    v.

SECTION 23 PROPOERTY OWNER'S
ASSOCIATION, INC., et al.,

    Defendants.

1:18-cv-09658-NLH-JS

**MEMORANDUM OPINION & ORDER**

**HILLMAN**, District Judge

    WHEREAS, on May 30, 2018, Plaintiff, Albert Robinson, appearing *pro se*,[1] filed a complaint against eighteen individual and corporate defendants[2]; and

    WHEREAS, after many of the defendants were served with Plaintiff's complaint and several filed motions to dismiss,[3] and after Plaintiff filed his own "Motion for Final Summary Judgment" in his favor on his claims in his original complaint (Docket No. 28, Sept. 7, 2018), on October 19, 2018, Plaintiff filed a First Amended Complaint (Docket No. 66); and

---

[1] Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1).

[2] As noted in the Court's May 30, 2018 complaint screening Order, this case appears to be duplicative of 16-9384. (Docket No. 2.)

[3] Currently eight motions to dismiss are pending. (Docket No. 18, 26, 27, 45, 50, 63, 64, 70.)

WHEREAS, pursuant to Federal Civil Procedure Rule 15(a)(1), "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."; and

WHEREAS, Rule 15(a)(2) further provides, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."; and

WHEREAS, under Local Civil Rule 15.1, "a party who seeks leave to amend a pleading shall do so by motion, which shall state whether such motion is opposed, and shall attach to the motion: (1) a copy of the proposed amended pleading; and (2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added"; and

WHEREAS, the purpose of Fed. R. Civ. P. 15(a) and Local Civil Rule 15.1 is "to give the Court and the parties a chance to evaluate the sufficiency of the proposed pleading," Folkman v. Roster Fin., 2005 WL 2000169, at *8 n.7 (D.N.J. 2005) (discussing the predecessor L. Civ. R. 7.1(f)) (citing U.F.C.W. Local 56 v. J.D.'s Market, 240 F.R.D. 149, 150 (D.N.J. 2007)

(stating that one of the "cardinal rules" for a party seeking leave to amend a pleading is that a copy of the proposed amended pleading be attached to the motion)); see also Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) (holding that even where the district court failed to provide a reason for its denial of plaintiffs' motion to amend the complaint, the court had not abused its power in denying the motion because the plaintiffs' "failure to provide a draft Amended Complaint would be an adequate basis on which the court could deny the [plaintiffs'] request"); and

WHEREAS, Plaintiff's First Amended Complaint does not meet the requirements of Rule 15(a)(1) such that he was permitted to file it without defendants' consent or leave of Court; and

WHEREAS, for Rule 15(a)(2) to apply, Plaintiff has not indicated that he received defendants' consent to file his amended complaint, and Plaintiff (1) has failed to seek this Court's leave to file his amended complaint by way of a formal motion, and (2) has failed to demonstrate how his amended complaint differs from his original complaint[4]; and

WHEREAS, even though Courts provide "greater leeway to pro se litigants" in narrow circumstances, "pro se litigants still

---

[4] It appears that Plaintiff has attempted to add new defendants, but it is unclear to the Court how the amended complaint otherwise differs from his original complaint.

must allege sufficient facts in their complaints to support a claim," "they still must serve process on the correct defendants," and "[a]t the end of the day, they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants," Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted);

Accordingly,

IT IS on this ___24th___ day of __October__, 2018

ORDERED that Plaintiff's First Amended Complaint [66] be, and the same hereby is, STRICKEN, and Plaintiff's original complaint remains the operative pleading.[5]

At Camden, New Jersey

    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[5] Plaintiff is not precluded from seeking leave to file an amended complaint under Fed. R. Civ. P. 15(a) and Local Civil Rule 15.1, but Plaintiff is reminded that he must follow the requirements of the Rules. The Court also notes that in order to obtain leave, Plaintiff must demonstrate the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, particularly considering the eight pending motions filed by defendants to dismiss his original complaint. Jang v. Boston Scientific Scimed, Inc., 729 F.3d 357, 367 (3d. Cir. 2013).

4