```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
ALBERT ROBINSON,
                                         1:18-cv-09658-NLH-JS
     Plaintiff,
                                         OPINION
     v.

SECTION 23 PROPERTY OWNER'S
ASSOCIATION, INC., et al.,


     Defendants.
```

**APPEARANCES:**

ALBERT ROBINSON
P.O. BOX 1961
SUWANEE, GA 30024
     *Plaintiff appearing pro se*

GREGG DOUGLAS WEINSTOCK
VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER LLP
300 GARDEN CITY PLAZA
SUITE 308
GARDEN CITY, NY 11 530
     *On behalf of Defendants Section 23, Property Owner's
     Association, Inc.*

JULIE A. KENNEDY
ROBERTA ANNE BURCZ, ATTORNEY AT LAW, P.C
1229 BAY AVENUE
POINT PLEASANT, NJ 08742
     *On behalf of Defendant David Keith Oaks, P.A.*

DAVID KEITH OAKS
P.O. BOX 473
LYNN, NC 28750-0473
     *Defendant appearing pro se*

DENNIS FRANCIS GLEASON
JARDIM, MEISNER & SUSSER, P.C.

30B VREELAND ROAD
SUITE 201
FLORHAM PARK, NJ 07932
　*On behalf of Defendants Michael Ross Marsh and Trista Lenore Zimmerman*

JOHN ANDREW KINSEY
FLORIO, PERRUCCI & STEINHARDY, LLC
235 FROST AVENUE
PHILLIPSBURG, NJ 08865

BRIAN PATRICK BUDIC
FLORIO PERRUCCI STEINHARDT & FADER LLC
1010 KINGS HIGHWAY SOUTH
BUILDING 2
CHERRY HILL, NJ 08034
　*On behalf of Defendants Richard Dalton, Andrew Deschenes, Roger D. Eaton, Daniel Roe, Kenneth W. Doherty, Charlotte County, Florida*

CARYN PAMELA SIPERSTEIN
FLORIDA ATTORNEY GENERAL
110 S.E. 6TH ST 10FL
FORT LAUDERDALE, FL 33301
　*On behalf of Defendants John Leo Burns and Lisa Marie Spader Porter*

MARC C. SINGER
SAIBER, LLC
18 COLUMBIA TURNPIKE
SUITE 200
FLORHAM PARK, NJ 07932
　*On behalf of Bradly Joseph Linenberg*

DIANA C. MANNING
BRESSLER, AMERY, & ROSS
325 COLUMBIA TURNPIKE
PO BOX 1980
FLORHAM PARK, NJ 07962
　*On behalf of Movant Todd B. Miller*

**HILLMAN**, District Judge

This case is a companion case to Civil Action 16-9384, which this Court dismissed on December 18, 2018. In this and

the other action, the claims of Plaintiff, Albert Robinson, appearing *pro se*, relate to the possession and ultimate foreclosure of his mother's home in Punta Gorda, Florida, where he and his family resided, and his contention that all the defendants had been involved in a massive conspiracy under the Racketeer Influenced Corrupt Organizations Act (RICO), among other claims.  (See 16-cv-9384, Docket No. 125.)  In making the determination to dismiss Plaintiff's earlier filed action, the Court noted, "Plaintiff has filed dozens of the same cases against a repetitive and ever-growing list of defendants, with all those cases being dismissed, primarily because of the venue Plaintiff has chosen to bring his claims once he was barred from Florida state court, which had fully adjudicated Plaintiff's claims on the merits."  (Id. at 28.)  "This Court's independent review of all his other cases reveals that Plaintiff's claims are the same every time, with minor variations as to defendants and allegations."  (Id. at 25.)  The instant action is another one of those cases.

In the 16-9384 matter, this Court issued a litigation preclusion order on January 22, 2019, which provides, "[I]n the interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the Court's dockets, Plaintiff is enjoined in this District from litigating his claims concerning the money

3

laundering and fraud scheme alleged and as set forth in the Complaint in this matter against any defendant he believes is liable for that scheme without first obtaining permission from this Court." (See 16-cv-9384, Docket No. 135.) Because this action was filed prior to the entry of the litigation preclusion order, the Court will separately assess its viability and pending motions.

For the reasons expressed below, the Court will dismiss all claims and issue the same litigation preclusion order that was entered in Plaintiff's earlier case.

## **BACKGROUND**[1]

Jane B. Robinson, as trustee for the Jane B. Robinson revocable trust, owned a home at 25264 Padre Lane, Punta Gorda, Charlotte County, Florida. On August 1, 2014, the community development manager, Section 23 Property Owners Association, Inc. ("Section 23"), filed a foreclosure action in the state court in Charlotte County.[2] Plaintiff, Albert Robinson, the son

---

[1] The background facts are part of the Court's Opinion in Plaintiff's earlier case, 16-cv-9384, Docket No. 125, with minor variations to address the motions and issues pending in this case.

[2] Previously, Section 23 filed suit in Florida state court against Plaintiff for violating certain deed restrictions. Section 23 imposed fines on Plaintiff for parking a truck on the grass and street and allowing garbage cans to be visible from the street.

of Jane B. Robinson, lived in the home.  Plaintiff disputed the foreclosure on several bases, including the pendency of a bankruptcy case relating to Jane B. Robinson in the Bankruptcy Court for the District of New Jersey.[3]

On September 21, 2015, the state court entered a final summary judgment of foreclosure in favor of Section 23 and set a foreclosure sale for October 12, 2015.  Keathel Chauncey, as trustee for the 25264 Padre Ln Land Trust, was the successful bidder at the foreclosure sale and was issued a certificate of title.  On November 24, 2015, Chauncey moved the state court to vacate the sale due to questions regarding the automatic stay in Jane Robinson's bankruptcy case.  The court held a hearing on the motion on January 11, 2016, determined that the sale did not violate the automatic stay, and found that the sale should be upheld.

On December 24, 2015, Plaintiff appealed the case to the Florida Second District Court of Appeals.  Plaintiff withdrew the appeal after the court issued a notice to show cause regarding Plaintiff's failure to file his initial brief.  On March 1, 2016, Chauncey received a Writ of Possession for the property, which required Plaintiff to vacate the premises.

During this time and thereafter, Plaintiff filed many cases

---

[3] *In re Jane Barbara Robinson*, 14-34718-JNP (Bankr. D.N.J.).

against the same Defendants here and others in Florida state court,[4] the Middle District of Florida, the Southern District of Florida,[5] and New Jersey state court.[6] The subject of all of his cases, including this case, arises out of his residence at his mother's home in Florida. Beginning with disputes over the enforcement of deed restrictions, such as parking and property maintenance, Plaintiff's cases have evolved into claims against essentially every person or entity that has been involved either directly or indirectly in the ultimate foreclosure of the Punta Gorda house and his resulting eviction from the property. The

---

[4] On September 14, 2017, after Plaintiff filed over twelve cases in Florida state court from January 2014 through March 2017, the Florida state court found Plaintiff to be a "vexatious litigant" pursuant to Florida Statute § 68.093, and the Florida state court entered a litigation preclusion order against Plaintiff that requires the court's permission before Plaintiff may file any new suit in that court. (See Docket No. 70 at 182-195.) The Florida state court noted that the Texas state court had deemed Plaintiff to be a vexatious litigant on December 18, 2014. (Id. at 194.)

[5] Plaintiff filed several cases in the Middle District of Florida and the Southern District of Florida, all of which were dismissed for various reasons. See Robinson v. Section 23 POA, et al., 12-cv-675-FtM-29CM (M.D. Fla., dismissed on September 2, 2014); Robinson v. Oaks, et al., 15-cv-242-FtM-38DNF (M.D. Fla., dismissed and affirmed by the 11th Circuit on August 6, 2015); Robinson v. Teng, et al., 16-cv-80488-CIV-MARRA (S.D. Fla., dismissed and transferred to M.D. Fla. On March 30, 2016); Robinson v. Section 23, et al., 2:16-cv-14127-JEM (S.D. Fla., dismissed without prejudice to refiling in M.D. Fla. on October 17, 2016).

[6] Robinson v. Oaks, et al., CUML000476-16 (N.J. Super. Ct., dismissed on July 27, 2018).

main thrust of Plaintiff's claims is that all the Defendants have conspired to illegally purchase his mother's home and steal all of his personal and intellectual property inside. Plaintiff alleges that Defendants have done so to quash his investigation of their international money laundering and fraud scheme.

The answering Defendants[7] have moved to dismiss Plaintiff's claims primarily because this Court cannot exercise personal jurisdiction over them, and because venue for Plaintiff's claims is improper here. (Docket No. 18, 50, 63, 70.) The two Defendants who are judges have also moved to dismiss Plaintiff's

---

[7] Defendants Elizabeth Sebastian, Barbara T. Scott, and Jay Barry Rosman have not appeared in the action because they were not served with Plaintiff's complaint. (Docket No. 20.) Plaintiff's claims against these Defendants will be dismissed. See Fed. R. Civ. P. 4(m) (service must be made within 90 days); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013) (explaining that the screening provisions of the IFP statute, 28 U.S.C. § 1915(a)(1), require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013) (explaining that pro se litigants are afforded greater leeway in the interpretation of their pleadings, and they must receive notice "when a court acts on its own in a way that significantly alters a pro se litigant's rights," but there are limits to the procedural flexibility: "For example, pro se litigants still must allege sufficient facts in their complaints to support a claim. And they still must serve process on the correct defendants. At the end of the day, they cannot flout procedural rules – they must abide by the same rules that apply to all other litigants.").

7

claims based on judicial immunity. (Docket No. 26, 27.)
Several Defendants have moved for sanctions against Plaintiff.
(Docket No. 63, 84.) Plaintiff has filed a motion for summary
judgment in his favor (Docket No. 28), as well as motions for
default judgment[8] and other miscellaneous motions (Docket No. 74,
90, 92, 96.).[9] The Court has reviewed all the motions, in

---

[8] Defendants David Keith Oaks, P.A. and Section 23 have moved to vacate the clerk's entry of default entered against them. (Docket No. 39, 75.) Plaintiff is suing both David Keith Oaks individually as well as his business entity, and Oaks filed a timely motion to dismiss. Because, however, the Oaks entity cannot proceed pro se, the Clerk's office notified Oaks, P.A. that it was required to obtain its own counsel, which it did within 8 days after Oaks, P.A.'s answer was due. Section 23, which has been sued numerous times by Plaintiff, has moved to vacate default against it because it inadvertently miscalculated the date by which it was required to respond to Plaintiff's complaint. Section 23 filed its motion to dismiss on October 23, 2018, but on that same date, Plaintiff obtained a clerk's entry of default because its response was due on October 17, 2018. A decision to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c) "is left primarily to the discretion of the district court." Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002). The applicable factors that the district court must consider are: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987). The Court finds that all four factors weigh in favor of vacating the clerk's entry of default against Oaks P.A. and Section 23. The Court will therefore substantively consider their motion to dismiss and deny Plaintiff's motions for default judgment.

[9] Non-party Todd Miller has filed a motion to vacate a subpoena mailed to him by Plaintiff. (Docket No. 59-1.) Miller represented a GEICO-insured defendant in an unrelated automobile

addition to all the parties' correspondence directed to the Court.

**DISCUSSION**

**A. Subject matter jurisdiction**

Plaintiff asserts that this Court has subject matter jurisdiction over his federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.

**B. Analysis**

Defendants David Keith Oaks, David Keith Oaks, P.A., Richard Dalton, Andrew Deschenes, Roger D. Eaton, Daniel Roe, Kenneth W. Doherty, Charlotte County, Florida, and Bradly Joseph Linenberg have moved to dismiss Plaintiff's claims for lack of personal jurisdiction because none of them has any of the

---

negligence lawsuit filed by Plaintiff in 2017 in Florida state court. Plaintiff's subpoena requests Miller to produce "[a] wet ink, color blue, notarized signature of attorney Todd Miller[;] [a] list of all cases in which Todd Miller or the associated law firm, represented or was paid by GEICO or Auto-owner's Insurance Co." The Court will grant Miller's motion because (1) the subpoena was not properly served, see Fed. R. Civ. P. 45(b)(1) (requiring personal service of a subpoena to a non-party), (2) it is outside the geographical limits, see Fed. R. Civ. P. 45(d)(3)(A)(ii) (production must be within 100 miles of residence of person subpoenaed), and (3) it is invasive and overbroad, see Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv) (requiring a court to quash or modify a non-party subpoena that seeks "privileged or other protected matter" or "subjects a person to undue burden").

requisite contacts with New Jersey to establish personal jurisdiction over them in this Court.

Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The Court finds that Plaintiff has not met his burden of establishing that these Defendants have purposely availed themselves of the "privilege of conducting activities within" New Jersey, either specifically relating to Plaintiff's claims against them or generally for other purposes, such that this Court's exercise of personal jurisdiction over them would be fair and just. Thus, the Court will dismiss Plaintiff's claims against these Defendants for lack of personal jurisdiction, and in doing so, the Court incorporates the analysis from the December 18, 2018 Opinion in Plaintiff's earlier filed case, which addressed the same arguments Plaintiff has argued for personal jurisdiction over the Defendants in this case, three of which are overlapping. (Civil Action 16-9384, Docket No. 125 at 7-20.)

For the two Defendants who are Florida state court judges, Judge Lisa Porter and Judge John Burns, Plaintiff claims that

the judges erred in their decisions in the cases before them as a part of the fraud scheme.  Judge Lisa Porter is a Circuit Court judge presiding over the 20th Circuit Court for the State of Florida.  She issued an injunction against Plaintiff requiring him to vacate the Punta Gorda home.  Judge John Burns is a County Court judge presiding over Charlotte County Court in the State of Florida.  Judge Burns presided over Section 23's suit against Plaintiff in the foreclosure action.  These Defendants have moved to dismiss Plaintiff's claims because of their Eleventh Amendment sovereign immunity while acting in their official capacities, and because of their absolute judicial immunity in their individual capacities, since Plaintiff's claims challenge the legal decisions they made in the two lawsuits.  They have also moved to dismiss Plaintiff's claims against them under the Rooker-Feldman doctrine.

For the remaining two Defendants, Michael Ross Marsh and Trista Lenore Zimmerman, Plaintiff claims that they are employees of Charlotte County who unlawfully seized his personal, intellectual, real, and business property from the Punta Gorda home as part of the fraud conspiracy.  Specifically with regard to Marsh, Plaintiff claims: "Michael Ross Marsh was tasked with stopping the Plaintiff from investigating and reporting the fraud scheme to the FBI.  Ross was given the green light by the COUNTY to murder the Plaintiff."  (Docket No. 1 at

11

89.) With regard to Zimmerman, Plaintiff claims: "Defendants Elizabeth Sebastian, Trista Lenore Zimmerman were tasked with illegal search and seizure by enforcing the void order to remove the Plaintiff from his home illegally so that other parties could steal the Plaintiffs court records and evidence." (Id.) These Defendants have moved to dismiss Plaintiff's claims for improper venue and failure to state cognizable claims against them.

Even though it appears that Plaintiff's claims against Judge Lisa Porter, Judge John Burns, Michael Ross Marsh, and Trista Lenore Zimmerman are dismissible on several bases, the Court will dismiss Plaintiff's claims against them for improper venue.

The Court noted in the December 18, 2018 Opinion in Plaintiff's earlier action that the federal court venue provision has not been met in any of Plaintiff's cases premised on the alleged fraud scheme. (See 16-cv-9384, Docket No. 125 at 25 n.14.) Pursuant to 28 U.S.C. § 1391(b), "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property

that is the subject to the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Even though Plaintiff alleges a fraud scheme that has reached an international scale, all of the underlying activities that cultivated the alleged scheme occurred in Florida, with Florida residents, or others who purposely availed themselves to Florida, over a Florida property.  As discussed in length in the December 18, 2018 Opinion in Plaintiff's earlier action, there is simply no connection between Plaintiff's claims and New Jersey, other than the residence of Plaintiff's mother.  Consequently, as argued by the majority of Defendants, the venue for Plaintiff's complaint is improper here.

The Court must therefore determine whether to transfer or dismiss Plaintiff's claims.  See 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action  . . . could have been brought at the time it was filed . . . .").

The Court will dismiss, and not transfer, Plaintiff's complaint for the same reasons articulated in the Court's December 18, 2018 Opinion in Plaintiff's earlier case. The Court will also resolve Defendants' motion for sanctions in the same manner, and deny those motions, and instead issue the same litigation preclusion order against Plaintiff that has been entered in that case. (<u>See</u> 16-cv-9384, Docket No. 125 at 20-28; Docket No. 134, 135.)

A separate Order will be entered.

Date: <u>January 31, 2019</u>     <u>s/ Noel L. Hillman</u>
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.